(34 Misc. Rep. 7.)

## LEVINE v. GOLDSMITH et al.

(Supreme Court, Special Term, New York County. February, 1901.)

1. PARTNERSHIP—PURCHASING LAND—JOINT FUNDS—EVIDENCE—TENANCY IN COMMON.

Where plaintiff and defendant purchased real estate with a fund created by joint contribution, and there was such community of interest and incidents of general agency as to show an intention to create a partnership inter se, but no agreement towards a partnership in the purchase of the property had been made, and the funds with which the purchase was made not having been derived from an existing partnership, the parties held the property not as partners, but as tenants in common.

2. SAME.

Where real estate purchased by plaintiff and defendant with joint funds was so managed as to indicate an intention to create a partnership inter se, but the property was not purchased or held as partners, on partition, there being no debts, the customary accounting as to rents should be had; there being no necessity for a separate accounting.

Action for partition by Julius Levine against Gustavus A. Goldsmith and others. Partition ordered.

Elek J. Ludvigh and A. H. Parkhurst, for plaintiff.
Edmond E. Wise, for defendant G. A. Goldsmith.

BISCHOFF, J. The single question presented for determination at this time is raised by the answer of the defendant Goldsmith, whereby it is alleged that the real property which is the subject of the action was purchased by the parties litigant and held by them as co-partners. It appears from the evidence that this real estate was paid for by joint contribution of the parties from funds which represented profits derived from the business of manufacturing collars, conducted by a corporation in which both were largely interested. No agreement was ever entered into, either orally or in writing, with

a view to the formation of a partnership in the purchase of the property thus acquired, but the defendant's contention is that evidence of a partnership relation is found in the manner in which the accounts between the parties were kept, in the making of loans from common funds, and in the use of the name "Goldsmith & Levine" in their management of the property.

It may be stated, as a general proposition, that a partnership, as between the parties, is never made to exist by operation of law, and that the relation must owe its existence to their actual intention, expressed or reasonably to be implied from their acts. 1 Bates, Partn. § 3. Upon the evidence, I do not think that this real estate has been proven to have the character of partnership assets, and, in the absence of preponderating proof to justify a finding that this was the character of the property, the plaintiff, whose standing as a tenant in common is admitted by the answer, becomes entitled to a partition as a matter of absolute right. Gallie v. Eagle, 65 Barb. 587. The manner in which the parties managed their investment, after the purchase of this property, might well suffice to charge them as partners, as to persons dealing with them in the course of their apparently common enterprise in the matter of renting the premises and in the maintenance of the property for this purpose, and I think the finding is permissible that in the conduct of the enterprise, so far as it related to the receipt, expenditure, or division of the income from the property, there was such active community of interest and sufficient of the incidents of general agency to disclose an intention of the parties to create a partnership inter se. This, however, is by no means sufficient to establish a partnership in the holding of the real estate itself, which was purchased, not with partnership funds, but with moneys of the parties in no way connected with any existing partnership. The property was acquired by the parties as tenants in common in the course of an ordinary investment, and there is no ground for an inference that they at any time intended to change the character of their possession. At best, the ostensible partnership related to the business of renting the property, and, so far as formed at all, it was formed for that purpose, not for the purchase of the property thus used. Were the relation that of a commercial partnership, of which the real estate was part of the assets, the agency of each partner would have included the power to dispose of the whole estate,— a test of partnership which the situation not only fails to meet, but which is, in fact, negatived by the circumstances from which the true intent of the parties is to be implied. "In respect to real estate, the rule is that if tenants in common or joint tenants of real estate, not bought by partnership funds, use it for the business of a firm of which they are partners, it is not deemed to be property of the firm, unless made so by express agreement, or by their course of dealing with it for a long period." Auten v. Ellingwood, 51 How. Prac. 359. There is a very broad distinction between the use of property as partnership property and a partnership in the profits merely, and the fact that property owned in common is used in and for the partnership is not in itself sufficient to make it partnership property. Id.

Granting that the evidence shows a partnership relation, that rela-

tion in no way involved the use of the real estate other than in its maintenance for joint profit. There was no dealing in real estate, and the common course of dealing had to do with the property, not in its acquirement nor in its disposal, but only in its management after the individuals thus associated had brought it into possession through an investment of their separate funds. Under these circumstances, an intention to hold the property as partners cannot be implied, and the action for partition of the estate thus acquired by the parties as tenants in common is properly maintainable. There being no debts of the partnership, such as it may have been, there appears to be no reason why the customary accounting as to rents should not be had, since the individual rights of the parties in the rents are the sole subject of inquiry here, as in any action of partition, and the settlement of this account would cover the whole matter in controversy between the parties; the existing affairs of the partnership, according to the evidence, being confined to the rents. All parties are before the court, and the question is simply as to the form in which the relief, asked by both sides, should be given. A separate accounting is, I think, wholly unnecessary. The usual preliminary order of reference as to title, including a provision for an account, may be submitted.

Ordered accordingly.